[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
The defendant-appellant, Todd Gibbs, was convicted by the trial court of one count of felonious assault and its accompanying repeat-violent-offender specification. The court imposed a sentence of eight years' confinement. Gibbs appeals his conviction, claiming that the evidence was insufficient, that the conviction was against the manifest weight of the evidence, and that the trial court erred in failing to grant his motion for acquittal pursuant to Crim.R. 29. We disagree.
Where substantial evidence is presented by the state to support all elements of the charged offense, and that evidence is sufficiently probative of guilt, this court will not reverse on either the sufficiency or the weight of the evidence. See Statev. Barnes (1986), 25 Ohio St.3d 203, 495 N.E.2d 922; State v.Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. To determine whether the trial court improperly denied a motion for acquittal, the relevant inquiry is whether, after viewing all of the evidence in a light most favorable to state, any rational trier of fact could have found all of the essential elements of the offense proven beyond a reasonable doubt. State v. Williams (1996),74 Ohio St.3d 569, 660 N.E.2d 724; see, also, State v. Bridgeman
(1978), 55 Ohio St.2d 261, 381 N.E.2d 184.
In this case, the state had to prove that Gibbs caused or attempted to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance. R.C.2903.11(A)(2). The state did not, however, have to prove the elements of the repeat-violent-offender specification as set forth in R.C. 2941.149, because Gibbs stipulated that he was a repeat violent offender.
The record demonstrates that Gibbs, while engaged in a heated argument with his girlfriend, stabbed her in the back with a knife. Although the girlfriend testified that the stabbing was an accident, another witness testified that she overheard the argument and the girlfriend say to Gibbs, "No, no, don't stab me." Gibbs also admitted to police that he stabbed someone.
Clearly, Gibbs's stabbing of his girlfriend was no accident. The evidence overwhelmingly supports all the elements of felonious assault and weighs heavily in favor of conviction. Additionally, since the state presented sufficient evidence of guilt during its case in chief, the trial court correctly overruled Gibbs's motion for acquittal. Therefore, Gibbs's three assignments of error are overruled, and the judgment of the trial court is affirmed.
 ______________________________ HILDEBRANDT, PRESIDING JUDGE
 WINKLER and PAINTER, JJ.